IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 03-10052-T |
| | ) | |
| DAVID PASCAL | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON PENDING MOTIONS

On March 22, 2005, the United States Court of Appeals for the Sixth Circuit vacated the sentence imposed in this case on defendant David Pascal and remanded for re-sentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). A re-sentencing hearing is scheduled for August 17, 2005. On August 1, 2005, defendant filed an Amended Motion for Re-sentencing, a Motion to Waive Appearance and a Motion to Clarify Judgment.

The motion for re-sentencing, while not entirely clear, appears to ask the Court to address at the upcoming hearing certain issues regarding mandatory sentencing enhancements. This motion is DENIED as unnecessary. The defendant is not limited regarding the issues he may raise at the re-sentencing hearing, and the Court will consider those issues as appropriate.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on  8/5/05

In the motion to clarify judgment, defendant states that it was his understanding that payment of the restitution ordered in this case would be deferred until his term of supervised release began. Defendant has now been told by officials with the Bureau of Prisons that payment must begin immediately. He asks the Court to clarify the original judgment to show that restitution is deferred until his period of incarceration is complete.

This is an issue that should be raised at the August 17 resentencing hearing. The Court's ruling will then be reflected in the amended judgment which will be entered following that hearing. Thus, modification of the original judgment is not necessary and is DENIED.

Defendant's motion to waive his appearance at the resentencing hearing asserts, without any explanation, that if he is transferred to this Court from his place of incarceration, it will adversely affect his current incarceration status. However, the Court fails to see how transporting the defendant from a federal correctional institution to a federal court for re-sentencing on his federal conviction will have any effect whatsoever on his status as a federal prisoner. The motion to waive appearance is also DENIED.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

5 August 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 104 in case 1:03-CR-10052 was distributed by fax, mail, or direct printing on August 5, 2005 to the parties listed.

---

Mark L. Agee
AGEE LAW FIRM
111 W. Eaton St.
Trenton, TN 38382

Jerry R. Kitchen
U.S. ATTORNEY
109 S. Highland Ave.
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT